IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ALFONSO MOYA-BRETON, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | ORDER AND MEMORANDUM DECISION <br><br> Case No. 2:10-CV-00801-TC <br><br> JUDGE TENA CAMPBELL |

Alfonso Moya-Breton has filed a timely motion to set aside his conviction pursuant to 28 U.S.C. § 2255.[1] Mr. Moya-Breton claims that he received ineffective assistance of counsel, citing four alleged deficiencies in both his trial and appellate counsels' representation. He first contends that his trial attorney was ineffective in failing to negotiate a plea "where the evidence demonstrated overwhelming guilt . . . ." (Mot. Vacate at 5, Dkt. No. 1.) His second argument is that his trial counsel did not adequately advise him of "applicable laws[] and potential sentencing exposure." (Id.) Mr. Moya-Breton next claims that his trial and appellate counsel were ineffective for failing to object to a weapons enhancement applied at sentencing. (Id.) Mr. Moya-Breton's final claim is that his trial and appellate counsel were ineffective for failing to "investigate, discover, and exploit[] false testimony given by the government's primary witness . . . ." (Id. at 6.)

---

[1] Because the Tenth Circuit Court of Appeals, in affirming Mr. Moya-Breton's conviction, described the factual and procedural background of this case, United States v. Moya-Breton, 329 Fed. Appx. 839, 840-41 (10th Cir. 2009), this court will give only those facts necessary to explain this decision.

Because none of his four claims are sufficient to show that Mr. Moya-Breton received ineffective assistance of counsel, the court DISMISSES his petition.

**The Legal Standard**

To demonstrate ineffective assistance of counsel, "a petitioner must establish both that his attorney's representation was deficient and that he was prejudiced by that deficiency." James v. Gibson, 211 F.3d 543, 555 (10th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The standard applies to sentencing proceedings and plea hearings as well as at trial. United States v. Glover, 97 F.3d 1345, 1348 (10th Cir. 1996). To succeed on the deficiency prong, a petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." James, 211 F.3d at 555 (quoting Strickland, 466 U.S. at 689). "Judicial scrutiny of counsel's performance is highly deferential." James, 211 F.3d at 555 (citing Strickland, 466 U.S. at 689). To succeed on the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. There is a strong presumption that counsel provided effective assistance, and a § 2255 petitioner has the burden of proof to overcome that presumption. James, 211 F.3d at 556.

**Mr. Moya-Breton's Claims**

1. Failure to Negotiate a Plea Agreement

Mr. Moya-Breton contends that even though he told his trial attorney that he wanted to plead guilty if the sentence would be approximately ten years, his trial attorney failed to inform him of any plea offers. He admits that he doesn't know if the government offered a plea agreement to his attorney, and he wants discovery to find out whether the government did make

any offers.² But Mr. Moya-Breton admits that when he discussed the possibility of a plea offer with his attorney, his attorney told him that he had attempted to negotiate a plea with the government but "[the government] had not returned his calls." (Brief. Supp. Pet. at 6:27, Dkt. No. 2.)

And given that Mr. Moya-Breton wanted a plea agreement with an assured sentence of approximately ten years, and, as discussed below, Mr. Moya-Breton faced a minimum mandatory sentence of twenty years, even if the government had made a plea offer, it is highly speculative that the government would have made him an offer that he would have accepted. Consequently, Mr. Moya-Breton's conclusory speculation is insufficient to show ineffective assistance of counsel.

    2. <u>Failure to Advise of Applicable Laws and Sentencing Exposure</u>

Mr. Moya-Breton claims that his attorney told him that even if he were convicted on all counts, his sentence would be no more than seventeen years in custody. But Mr. Moya-Breton was subject to a twenty-year minimum mandatory sentence of imprisonment on counts one, two, five and six. (PreSent. Rep. (PSR) ¶ 48.) Counts three and four and count eight carried a minimum mandatory of ten years in custody. (<u>Id.</u>) The author of the PSR calculated Mr. Moya-Breton's adjusted offense level to be 40 with a criminal history category of I, resulting in a guideline range of 292 to 365 months. (<u>Id.</u> ¶ 49.) The court found that Mr. Moya-Breton had knowingly committed perjury at the trial and so increased his offense level by two levels

---

²Mr. Moya-Breton correctly points out that the docket shows that the court set a final date when plea agreements could be submitted. But contrary to Mr. Moya-Breton's argument that this means that the government had made a plea offer, the court typically establishes a final date when it will accept a guilty plea, which is all that the entry in the docket reflects.

pursuant to the United States Sentencing Guidelines (U.S.S.G.) § 3C1.1. (Tr. of Sent. Hr'g at 14:11-13, Case No. 2:06-cr-00672, Dkt. No. 258.) The advisory guideline range became 360 months to life.

Mr. Moya-Breton's contention that his attorney never told him that he faced twenty, and possibly thirty, years in custody is not supported by the record. The PSR noted that Mr. Moya-Breton faced a twenty-year minimum mandatory sentence. At the sentencing hearing, the court asked Mr. Moya-Breton's attorney if he and Mr. Moya-Breton had had time to review the PSR. The attorney answered that they had. (Tr. of Sent. Hr'g at 2:10-12.) Mr. Moya-Breton did not object to his attorney's representation. At the hearing, Mr. Moya-Breton's attorney referred to the fact that Mr. Moya-Breton was facing a mandatory minimum sentence of twenty years and the possibility of thirty years. (Id. at 9:15-16.) When Mr. Moya-Breton first appeared before a magistrate judge, the record reflects that the magistrate judge advised him of the possible penalties. (Min. Entry, Case No. 2:06-cr-00672, Dkt. No. 4). After the Grand Jury returned a superceding indictment, Mr. Moya-Breton again appeared before the magistrate judge, and although the minute entry does not specifically reflect that the magistrate judge advised him of the penalties, the court is aware that the magistrate judges almost invariably inform defendants of the potential penalties.

Finally, even assuming that Mr. Moya-Breton's trial counsel did give him wrong information about the possible penalties, Mr. Moya-Breton did not suffer any prejudice. Similar to his argument that he wanted to plead guilty, the record does not disclose that the government was willing to make a plea offer, and that had the government made a plea offer, that the government would have made a recommendation that Mr. Moya-Breton receive a sentence of

less than the thirty years he did receive.

    3. <u>Failure to Object to the Weapons Enhancement</u>

The court imposed a two-level enhancement to Mr. Moya-Breton's base offense level for possessing a dangerous weapon pursuant to § 2D1.1(b)(1) of the U.S.S.G. (<u>See</u> PSR ¶ 25.) Mr. Moya-Breton argues that the court incorrectly applied the enhancement. According to Mr. Moya-Breton, the decisions in <u>United States v. Timmons</u>, 283 F.3d 1246 (11th Cir.2002) and in <u>United States v. Diaz</u>, 248 F.3d 1065 (11th Cir. 2001) make clear that the court's enhancement was contrary to law. Mr. Moya-Breton misreads those cases. Mr. Moya-Breton was convicted of a violation of 18 U.S.C. § 922(g)(5)(A), and it was for that conviction that the court applied the enhancement. Both <u>Timmons</u> and <u>Diaz</u> dealt with enhancements for possessing a weapon when a defendant had been convicted of 18 U.S.C. § 924(c). The courts in those cases both held that when a defendant is convicted of a violation of § 924(c), the defendant's possession of a weapon cannot be used to enhance the level of the underlying offense. <u>Timmons</u>, 283 F.3d at 1254; <u>Diaz</u>, 248 F.3d at 1107. The Ninth Circuit Court of Appeals, in an unpublished decision, rejected an argument almost identical to the one Mr. Moya-Breton now makes. The court there held: "He [the defendant] relies on cases prohibiting 'double counting' when a defendant is convicted under 18 U.S.C. § 924(c). That reliance is misplaced. The Sentencing Guidelines expressly preclude double counting for § 924(c) convictions. There is no such provision, however, for § 922(g) convictions." <u>United States v. Campos-Banos</u>, 86 Fed. Appx. 225, 226 (9th Cir. 2003) (internal citations omitted).

4. <u>Failure to Investigate</u>

Mr. Moya-Breton argues that trial counsel did not investigate the criminal background of one of the government's witnesses, Carlos Guzman-Obando, or question him about various "falsities." (Brief. Supp. Pet. at 23:4.) In support of his argument that Mr. Guzman-Obando had a criminal record and that he testified falsely at trial when he denied that he had ever been convicted of drug charges, Mr. Moya-Breton submitted three exhibits. (Ex. F, G, H, attached to Mot. Vacate, Dkt. No. 1.) These exhibits appear to be portions of a criminal record for "Carlos Guzman." No other identifying information is given and the disposition of the various charges is not noted. In short, nothing in these exhibits establishes that the government's witness, Carlos Guzman-Obando, is the subject of these criminal records, and nothing in the exhibits shows that the named person was convicted of a crime.

As far as Mr. Moya-Breton's other examples of Mr. Guzman-Obando's alleged false testimony, Mr. Moya-Breton has offered no evidence to show that the testimony was false. Both Mr. Moya-Breton's attorney and his co-defendant's attorney cross-examined Mr. Guzman-Obando at length. (Trial Tr. at 40-97, Case. No. 2:06-cr-00672, Dkt. No. 255.) And Mr. Guzman-Obando's testimony was not the only evidence of Mr. Moya-Breton's guilt at trial. The record of the trial makes clear that the evidence of Mr. Moya-Breton's guilt was overwhelming.

For the above reasons, the court finds that Mr. Moya-Breton has failed to establish that he received ineffective assistance of counsel and his petition is DISMISSED.

DATED this 29th day of March, 2011.

                    BY THE COURT:

                    _____
                    TENA CAMPBELL
                    United States District Court Judge